■ THOMAS SMOLSKI, Appellant-Respondent, v MATTHEW MIDDLETON et al., Respondents-Appellants.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered October 11, 1989, as denied his motion for summary judgment on the issue of liability, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied their motion to dismiss the plaintiff's cause of action predicated on Labor Law § 240.

Ordered that the order is affirmed, without costs or disbursements.

The undisputed evidence in this case shows that the defendants are the owners of a single-family home and that they furnished the plaintiff, a handyman who had worked for them on a part-time basis for approximately 10 years, with a ladder so that he might replace some windows on the second floor. The ladder gave way and the plaintiff sustained injuries as a result thereof. It is alleged that the ladder was unsafe.

The motion for summary judgment and cross motion to dismiss the cause of action predicated on Labor Law § 240 were properly denied as there exist triable issues of fact as to the nature and extent of the defendants' direction and control over the labor performed by the plaintiff.

Labor Law § 240 (1) explicitly provides an exemption to the imposition of strict liability on owners of one- and two-family dwellings who do not direct or control the manner of construction or renovation work. An examination of the memorandum of the Law Revision Commission to the 1980 Legislature reveals that the exception was added because the Legislature felt that it was needed for owners of one- and two-family dwellings who are not in a position to realize, understand and insure against such liability (see, 1980 NY Legis Ann, at 266-267). However, this exemption does not apply if the homeowners direct or control the work. Absent a finding as to whether the defendants directed or controlled the work, summary judgment in the plaintiff's favor or dismissal of the cause of action predicated on Labor Law § 240 is precluded (see, Rimoldi v Schanzer, 147 AD2d 541). Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.